1
2
3
4

RAJ V. ABHYANKER, SBN 233284
Email: raj@trademarkia.com
1580 W. El Camino Real, Suite 10
Mountain View, CA 94040
Telephone:    (650) 965-8731
Facsimile:    (650) 989-2131

5
6
7

*Pro Se Inventor*

Raj V. Abhyanker

8
9
10
11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

12
13
14
15
16
17
18

| RAJ ABHYANKER, | Case No.: 3:20-cv-08248-TBD |
|---|---|
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| AIRBNB, INC.; | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

19
20
21
22

1.   Plaintiff Raj Abhyanker ("Abhyanker", "Plaintiff"), for its Complaint against defendant Airbnb, Inc. ("Airbnb"), states and alleges as follows in this civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code:

23

**SUMMARY**

24
25
26
27
28

2.   Plaintiff is the inventor and sole owner of granted U.S. Patent 8,874,489 (the "'489 Patent") being asserted here against Airbnb (**Exhibit 1**). Plaintiff is a software engineer, and educated himself to learn patent law by going through law school. The '489 Patent claims priority back to cases as early as 2007, including the 11/653,194 patent application filed January 2007 ('194 Application). The '489 Patent relates to an invention around short term residential rentals in a geospatial environment. Plaintiff formed a startup around his inventions in October

2006, two years prior to the formation of Airbnb. (**Exhibits 45-49**)

3. Numerous patent applications were filed in 2007 listing Plaintiff as the inventor including the patent application SHORT TERM RESIDENTIAL SPACES IN A GEO-SPATIAL ENVIRONMENT in July 2007 (**Exhibit 2**, 11/827,774, the "'774 application"). The background section of the '774 application and the '489 Patent, succinctly describe the problem solved by the '489 Patent and practiced by Airbnb :

BACKGROUND

[0002]   Travelers often need accommodations. Lodging may be expensive and/or availability may be limited. For example, travel planned on short notice may not offer enough time to book reservations in hotels. The travelers may not know in advance which nights they will need the accommodations, which may further limit the travelers' options.

[0003]   The travelers may prefer to stay in a home-like setting or lease privately owned property, such as a home. For example, the travelers may prefer a home-like ambience. The home-like ambience may offer a "personal touch" of friendly hosts, including opportunities to build lasting friendships. Amenities may include home cooked meals, pet accommodations, childcare opportunities, attractive lease rates, and residential neighborhood settings.

[0004]   The travelers, however, may not be able to locate such accommodations. Conversely, the hosts may not have a venue to offer such accommodations. Thus, both travelers and hosts may miss mutually rewarding accommodation opportunities.

4. A second patent application, titled LODGING AND REAL PROPERTY IN A GEO-SPATIAL MAPPING ENVIRONMENT was filed even earlier on January 12, 2007, also listing Plaintiff as the sole inventor (**Exhibit 3,** the "'194 Application"). The patent application described a technology through which "an online reservation and a financial transaction" (claim 3) could be consummated for short term residential listings. Among the embodiments described in the specification include:

a.   "*Guests may be accommodated at night in private bedrooms and breakfast may be served in the morning in any one of the bedroom, a dining room, the host's kitchen*" (**[0308]**, '194 Application).

b.   "*Bathrooms may be private, shared (e.g. sharing with other guests, sharing with the*

1     *family in Smaller establishments) and/or en-Suite (e.g. where the ablutions are directly*

2     *accessed from the guests bedroom)*." (**[0309]**, '194 Application).

3     c.  "*The Bed and Breakfast may be operated either as a primary occupation or as a*

4         *secondary Source of income. Staff may often consist of the house's owners and/or*

5         *members of their family who may live there*." (**[0309]**, '194 Application).

6     d.  "*Guests may usually be expected to pay for their stay upon arrival and/or leave before*

7         *noon or earlier on the day of departure. A big advantage of this type of hosted*

8         *accommodation may be the local knowledge of the host(s)*." (**[0310]**, '194 Application).

9        In September 2016, Plaintiff reached out to Airbnb associate general counsel Alica

10  Delvalle ("Delvalle") to explore whether Airbnb wanted to acquire Plaintiff's invention claimed

11  through the '489 Patent. (**Exhibit 88-89**) Plaintiff received no responsive communication. In

12  February 2019, Plaintiff approached Megan Cesare-Eastman, lead counsel to Airbnb through

13  LinkedIn. Again, no responsive communication was received. (**Exhibit 90-92**) Exhausting all

14  other options, Plaintiff now brings the instant Complaint alleging patent infringement against

15  Airbnb on the basis of the '489 Patent, which incorporates by reference and claims priority

16  through the '194 patent application.

17                              **NATURE OF ACTION**

18      5.   This is a civil action for patent infringement arising under the patent laws of the United

19  States, Title 35 of the United States Code.

20      6.   As set forth in more detail below, Defendant has been willfully infringing Plaintiff's

21  patent, namely, United States Patent No. 8,874,489 (the "489 Patent"), and continues to do so

22  through the present date.

23                              **THE PARTIES**

24      7.   Plaintiff Raj Abhyanker is an engineer, inventor, and lawyer residing in Santa Clara

25  County.

26      8.   Defendant Airbnb, Inc. is a Delaware corporation with the agent for service of process

27  as Corporation Service Company doing business in California as CSC – Lawyers Incorporating

28  Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833 and maintaining

its principal place of business at 888 Brannan Street, #4, San Francisco, California 94103.

9. Defendant Airbnb owns, provides and operates the website www.airbnb.com, www.airbedandbreakfast.com, and related URLs. Defendant also distributes advertisements through various media that instruct recipients to enter a code to redirect to a new location. Specifically, Defendant operates the account "@Airbnb" on Twitter, found at https://twitter.com/airbnb. Airbnb formed in June 2008, and raised money from external sources using pitch decks including versions of the one shown as **Exhibit 93**. Airbnb's funding history is shown in **Exhibit 94**.

## JURISDICTION AND VENUE

10. Plaintiff's claim for patent infringement against Airbnb arises under the patent laws of the United States including 35 U.S.C. §§ 271 and 281. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. Airbnb owns, operates and conducts business in the state of California and directs advertisements at residents of California – which are covered by at least claim 1 of the '489 Patent – and throughout the United States including California and this judicial district.

12. Airbnb is currently doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents of this judicial district, and has purposefully reached out to residents of this judicial district.

13. Airbnb has registered itself with the California Secretary of State to do business in California and has a designated agent incident to such registration.

14. Airbnb has established sufficient minimum contacts with the State of California such that it should reasonably and fairly anticipate being compelled into court in California.

15. Venue in this judicial district is proper under 28 U.S.C. § 1400(b).

16. This Court has personal jurisdiction over Airbnb because (a) Airbnb has committed the acts of patent infringement complained of herein, including but not limited to making, using, distributing, offering for sale and selling infringing products embodying Plaintiff's patented inventions, in this State and this District, and (b) Airbnb has directed its acts of infringement and the other unlawful acts complained of herein at this State and this District.

17. This Court has personal jurisdiction over Airbnb for the additional reason that it has engaged in systematic and continuous contacts with this State and this District by, *inter alia*, regularly conducting and soliciting business in this State and this District, and deriving substantial revenue from products and/or services provided to persons in this State and this District.

**COUNT I**
**INFRINGEMENT OF THE '489 PATENT**

18. Plaintiff realleges and incorporates the allegations of the preceding paragraphs of this complaint as if fully set forth herein.

19. Plaintiff is the assignee and owner of all right, title, and interest in and to the '489 Patent. Plaintiff has the exclusive right to make, use, sell, and offer to sell any product embodying the '489 Patent throughout the United States, and to import any product embodying the '489 Patent into the United States.

20. The '489 Patent is an invention of systems and methods which commerce around short-term residential spaces in a geo-spatial environment.

21. Upon information and belief, Airbnb has been and is now infringing claim 1 of the '489 Patent in the State of California, in this District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling and/or offering for sale products with functionalities, covered by claim 1 of the '489 Patent to the injury of Plaintiff at least since April 13, 2017 and possibly sooner. Airbnb is directly infringing, literally infringing, and/or infringing the '489 Patent under the doctrine of equivalents. Airbnb is thus liable for infringement of the '489 Patent pursuant to 35 U.S.C. § 271(a).

22. Airbnb's infringement of claim 1 of the '489 Patent as evidenced at this time prior to discovery and forming Plaintiff's reasonable belief of infringement is summarized herein. While summarized herein, this summary is by no means and exhaustive summary. There are likely numerous other forms of evidence that exist, which will be further evaluated during discovery.

23. **With respect to Claim 1**. Claim 1 states :

"validating that a place-to-stay listing data is associated with a verified user of the short-term listing server using a processor and a memory;

5
**COMPLAINT FOR PATENT INFRINGEMENT**
CASE NO.: 3:20-cv-08248-TBD

verifying that a set of geospatial coordinates associated with the place-to-stay listing data are validated based on a claimed geospatial location of the place-to-stay listing data associated with the verified user of the short-term listing server;

determining that a time stamp comprising any one of a creation date and a creation time of the place-to-stay listing data is acceptable based on a validation of the place-to-stay listing data of the claimed geospatial location of the verified user of the short-term listing server;

processing a payment associated with a renter of a space in a private residential home associated with the place-to-stay listing data through the short-term listing server;

determining a relative match between a clock associated with the short-term listing server and at least one of another clock of a data processing system of the verified user and a table of the short-term listing server to determine that the time stamp associated with the creation date and the creation time of the place-to-stay listing data is valid and therefore trustable; and

automatically deleting a publishing of bookable dates now passed of the place-to-stay listing data associated with a host profile in a neighborhood area within a neighborhood boundary associated with the place-to-stay listing data of the verified user of the short-term listing server based on a requested expiration date.".

24. Plaintiff believes that **Exhibits 95-110** demonstrate that Airbnb is willfully infringing this element of the claim 1 of the '489 Patent.

25. Specifically, **Exhibit 95** demonstrates evidence of infringement of claim 1 of the '489 Patent by Airbnb through Airbnb's home page which describes "place-to-stay" listing information through "bookable dates" (claim 1) can be done through the Airbnb website. In addition, **Exhibit 103** demonstrates additional evidence of infringement of the limitations of claim 1 including the "validating that a place-to-stay listing data is associated with a verified user of the short-term listing server using a processor and a memory" claim element when Airbnb describes "Who can host on Airbnb?" and "[B]ehind every stay is a host, a real person who can give you the details you need to check in and feel at home. They can interact with

guests in different ways, depending on the type of place or experience they booked."

26. **Exhibit 96-97** demonstrates evidence of infringement of claim 1 the '489 Patent through descriptions of the technology stack that Airbnb uses which describes the "short-term listing server" (claim 1) used by Airbnb as Amazon Elastic Compute Cloud (Amazon EC2) is a web service for server deployment which provides secure, resizable compute capacity in the cloud. **Exhibit 97** further describes that the web server used by Airbnb is a "Nginx. Nginx is a powerful HTTP and proxy server that speeds up content delivery, ensures Airbnb's security and scalability[.]"

27. **Exhibit 98** demonstrates additional evidence of infringement of the limitations of claim 1 including "verifying that a set of geospatial coordinates associated with the place-to-stay listing data are validated based on a claimed geospatial location of the place-to-stay listing data associated with the verified user of the short-term listing server" claim element where Airbnb describes "How it works when Airbnb verifies identity" and "When you're asked to confirm your identity, you'll need to add either your legal name and address, or a photo of a government ID (driver's license, passport, or national identity card). Additionally, you may be asked to take a brand-new photo of yourself."

28. In addition, **Exhibit 100** describes that Airbnb enhanced its security verification protocols in April 2017 when "co-founder Nate Blecharczyk unveiled a range of new and important steps we're taking at Airbnb to protect our hosts and guests from fraudsters who seek to undermine the trust and integrity of our community through an online scam known as an account takeover." **Exhibit 101** is a post dated April 13, 2017 in which various techniques are described on enhancing verification including "Login from an unexpected country", "Login from an unexpected IP address, computer, or phone", and "[a]n unexpectedly high number of logins from a particular IP address" which further demonstrate infringement of limitations of claim 1.

29. **Exhibit 99** demonstrates additional evidence of infringement of the limitations of claim 1 including the "determining that a time stamp comprising any one of a creation date and a creation time of the place-to-stay listing data is acceptable based on a validation of the

place-to-stay listing data of the claimed geospatial location of the verified user of the short-term listing server" claim element when Airbnb describes "Why do I have to complete a verification process to host an experience?" and "[s]pending a few extra minutes on this helps us keep Airbnb secure, fight fraud, and more[.]"

30. **Exhibit 102** demonstrates additional evidence of infringement of the limitations of claim 1 including the "processing a payment associated with a renter of a space in a private residential home associated with the place-to-stay listing data through the short-term listing server" claim element when Airbnb describes "When am I charged for a reservation?" and "Once the host accepts your request, or if you book a reservation with Instant Book, your payment method will be charged as soon as your reservation is confirmed[.]"

31. **Exhibit 104** demonstrates additional evidence of infringement of the limitations of claim 1 including the "determining a relative match between a clock associated with the short-term listing server and at least one of another clock of a data processing system of the verified user and a table of the short-term listing server to determine that the time stamp associated with the creation date and the creation time of the place-to-stay listing data is valid and therefore trustable" claim element when Airbnb describes "Unverified Guest made a reservation despite the setting prohibiting unverified guest from reserving" and "Although I responded by messages and the count down clock went away as I did, I hesitated to select Pre-Approve or Decline with the worry that this might either allow the unverified guest to proceed with booking or that I would decline guests that are probably totally fine... And then of course I worry that I might get ding'd for slow response time if I don't select either course of action[.]"

32. **Exhibit 105-110** demonstrates additional evidence of infringement of the limitations of claim 1 including the "determining a relative match between a clock associated with the short-term listing server and at least one of another clock of a data processing system of the verified user and a table of the short-term listing server to determine that the time stamp associated with the creation date and the creation time of the place-to-stay listing data is valid and therefore trustable" claim element.

33. For example, in **Exhibit 105**, a Level 10 user of Airbnb writes "I pre-approved them and a few minutes later retracted that to override the response-time clock." In **Exhibit 106,** a Level 1 user asks "I have a guest that has requested a reservation, however I cannot reply to the guest and receive a message that states the guest needs to finish the verification process. That's great, but the 24 hour clock continues to tick and I continue to receive messages that seem to allow me to accept or reject the request." **Exhibit 107** describes through a Level 10 user writing on December 14, 2018 that "At some point there was definitely a countdown timer for the 14 day review period. My memory is that once you got into only 1 day left, it would show a countdown in hours." **Exhibit 108** shows that Airbnb itself asks that hosts "[m]aintain a high response rate by replying to booking inquiries and reservation requests within 24 hours." In **Exhibit 109,** Airbnb describes "What are response rate and response time and how are they calculated?" as "Your response rate is the percentage of new inquiries and reservation requests you responded to (by either accepting/pre-approving or declining) within 24 hours in the past 30 days." further supporting infringement of claim 1 of the '489 Patent.

34. **Exhibit 110** demonstrates additional evidence of infringement of the limitations of claim 1 including the "automatically deleting a publishing of bookable dates now passed of the place-to-stay listing data associated with a host profile in a neighborhood area within a neighborhood boundary associated with the place-to-stay listing data of the verified user of the short-term listing server based on a requested expiration date" claim element when Airbnb describes "How do I make dates available or blocked on my calendar?" and "The availability window moves forward every day, so as time passes new dates will automatically become available."

35. Upon information and belief, Airbnb will continue to directly infringe claim 1 of the '489 Patent unless enjoined.

36. In September 2016, Plaintiff reached out to Airbnb associate general counsel Alica Delvalle ("Delvalle") to explore whether Airbnb wanted to acquire Plaintiff's invention claimed through the '489 Patent. (**Exhibit 88-89**). Delvalle did not respond to Plaintiff, and no responsive communication was received.

37. In February 2019, Plaintiff approached Megan Cesare-Eastman, lead counsel to Airbnb through LinkedIn. Again, no responsive communication was received. (**Exhibit 90-92**).

38. Further evidence of willful infringement of the '489 Patent is found through Airbnb investor and board member Reid Hoffman ("Hoffman"). Plaintiff personally met with Hoffman and discussed inventive concepts captured in the '489 Patent (**Exhibits 50-87**).

39. After the meeting, Hoffman responded to Plaintiff "Some very good stuff in what you're planning/doing." (**Exhibit 85**).

40. Hoffman agreed to invest $100,000 in Plaintiff's startup in the summer of 2007. (**Exhibits 50-87**).

41. Plaintiff confirmed his fiduciary agreement with Hoffman on July 1, 2007 when he responded, in writing, "And, of course, on confidentiality" in response to Plaintiff's request that "trust you will keep the discussions with other funds (e.g. Benchmark) confidential." (**Exhibit 86**).

42. At the time of Plaintiff's fiduciary agreement with Hoffman, Plaintiff had not assigned any invention rights to his embodiments in Patent Application 11/827,774 filed about two weeks later on July 13, 2007 and titled SHORT TERM RESIDENTIAL SPACES IN A GEO-SPATIAL ENVIRONMENT to his startup or anyone else (**Exhibit 2**).

43. Hoffman owed a fiduciary duty to Plaintiff because Plaintiff placed trust, confidence and reliance on Hoffman to exercise discretion and expertise in acting on behalf of Plaintiff in protecting his inventions and trade secrets from disclosure and to promote Plaintiff's interests to other prospective investors. In fact, Hoffman had already begun working as Plaintiff's agent by "giving a thumbs up" to investors on Plaintiff's behalf immediately after Hoffman met with Plaintiff on June 21, 2007. (**Exhibit 55**).

44. Hoffman knowingly accepted that trust and confidence when he responded to Plaintiff in writing in response to Plaintiff's request that "trust you will keep the discussions with other funds (e.g. Benchmark) confidential" on July 1, 2007 (**Exhibit 86**).

45. Hoffman was both legally and ethically obligated to conduct the tasks requested of him legally and ethically and to protect Plaintiff's interests after he accepted the fiduciary

responsibilities in writing on July 1, 2007 (**Exhibit 86**).

46. Since Plaintiff's startup was an early stage startup, Hoffman was investing not only in Plaintiff's startup but in Plaintiff himself as an individual entrepreneur, which is a customary practice when investments are made in pre-revenue early stage startups to invest in individual entrepreneurs around promising startups.

47. As a fiduciary who had also agreed to invest in Plaintiff and Plaintiff's startup, Hoffman received confidential diligence documents on or about October 18, 2007.

48. Upon reason and belief, about three years later, in 2010, Hoffman breached his fiduciary obligations to Plaintiff by disclosing trade secret and intellectual property confidential information he was entrusted by Plaintiff to maintain confidentiality to Airbnb and at least one other startup.

49. Hoffman's breaches of fiduciary duties actually and proximately caused harm to Plaintiff because Hoffman was aware that breaching fiduciary duties owed to Plaintiff for information entrusted to Hoffman would result in harm to Plaintiff because Hoffman knew that he, as an experienced and highly-successful investor and Internet entrepreneur, shouldered influence such that his unauthorized disclosures to Airbnb would be taken seriously and would be likely be utilized by Airbnb and other entrepreneurs to willfully infringe on Plaintiff's patents including the '489 Patent.

50. Even more evidence of willful infringement of the '489 Patent is found through Airbnb's lead investor in its seed round Sequoia Capital including its partner Bryan Schreier ("Schreier"). Plaintiff pitched his inventions, including the concepts claimed in the '489 Patent, to five Sequoia Capital partners over two meetings in the summer of 2007. (**Exhibits 4-15**) This was about eighteen months prior to Sequoia Capital leading the seed round investment in Airbnb.

51. In addition, Schreier expressed strong interest in becoming the Chief Executive Officer for Plaintiff's startup in the fall of 2007. (**Exhibits 16-44**) Upon reason and belief, Schreier was appraised about Plaintiff's inventions and concepts protected through patents including inventive concepts embodied in the '489 Patent. When Schreier was not selected to be the

Chief Executive Officer of Plaintiff's company, he was disappointed. (**Exhibits 35**) Months later, Schreier found a job at Sequoia Capital in December 2007. (**Exhibits 40**)

52. Upon reason and belief, Airbnb knew of Plaintiff's inventions and patented concepts through Hoffman, Sequoia Capital, and Schreier as early as 2010, and chose to willfully infringe them including the inventive concepts embodied in the '489 Patent.

53. To the extent Airbnb Infringing Products, without more, do not directly infringe at least claim 1 of the '489 Patent, Airbnb contributes to infringement of the same under 35 U.S.C. § 271(c) inasmuch as the Infringing Products offered for sale and sold by Airbnb is each a component of a patented machine or an apparatus used in practicing a patented process, constituting a material part of Plaintiff's invention, knowing the same to be especially made or especially adapted for use in infringement of the '489 Patent.

54. For example, upon information and belief, the core software application of Airbnb's host platform and technology, which directly infringes the '489 Patent, is being provided by Airbnb to other service providers and hosts to incorporate into their own businesses and operations.

55. Upon information and belief, Airbnb will continue to contribute to infringement of the '489 Patent unless enjoined.

56. Airbnb actively encourages their business partners and/or customers to use Airbnb Infringing Products or their equivalents in an infringing manner. Airbnb knew of the '489 Patent as early as 2016 Airbnb and Plaintiff had approached Airbnb to acquire the '489 Patent on September 21, 2016 (**Exhibit 89**), prior to the company implementing added security features on April 13, 2017. Despite that, Airbnb did not communicate even a courtesy response to Plaintiff.

57. Airbnb has encouraged this infringement with a specific intent to cause its business partners and customers to infringe. Airbnb acts thus constitute active inducement of patent infringement in violation of 35 U.S.C. § 271(b).

58. Upon information and belief, Airbnb will continue to induce infringement of the '489 Patent unless enjoined.

59. Airbnb direct infringement, contributory infringement, and inducement of infringement

have irreparably harmed Plaintiff.

60. Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to damages adequate to compensate for the infringement.

61. Airbnb infringement has been and is willful and, pursuant to 35 U.S.C. § 284, Plaintiff is entitled to treble damages. Airbnb willful infringement is based at least on Airbnb's knowledge of Plaintiff, its products, and its patents since at least as September 21, 2016 as set forth above. Defendant conduct is egregious as it continued offering, selling, making and using the Infringing Products despite knowledge of the infringement. Defendant has either willfully and wantonly infringed the '489 Patent or has recklessly avoided knowledge of its own infringement, even when faced with knowledge of Plaintiff's own products and patents.

62. This case is "exceptional" within the meaning of 35 U.S.C. § 285, and Plaintiff is entitled to an award of attorneys' fees.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court find in its favor and against Airbnb, and that the Court grant Plaintiff the following relief:

a. Judgment that claim 1 of the '489 Patent has been infringed by Airbnb;

b. Judgment that Airbnb has willfully infringed the '489 Patent;

c. Judgment that Airbnb accounts for and pay to Plaintiff all damages and costs incurred by Plaintiff, caused by Airbnb's infringing activities complained of herein;

d. That Plaintiff be granted pre-judgment and post-judgment interest on the damages;

e. An award of damages against Airbnb adequate to compensate Plaintiff for the infringement that has occurred, but in no event less than a reasonable royalty as permitted under 35 U.S.C. § 284, together with prejudgment interest from the date infringement began;

f. That this Court declare this an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

g. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury or any issues so triable by right.


Dated: November 23, 2020                    LEGALFORCE RAPC WORLDWIDE P.C.


                                            ___/s/ Raj Abhyanker_____

                                            Raj V. Abhyanker
                                            *Pro Se Inventor*

COMPLAINT FOR PATENT INFRINGEMENT
CASE NO.: 3:20-cv-08248-TBD